Good morning, Justices. I am Attorney Amir Salehi on behalf of Plaintiffs Pacini and his class. I'd like to reserve three minutes for rebuttal. I have the remaining seven minutes. Instead of reciting the facts and the law, which have been fully briefed by all parties, I wanted to kind of get to the heart of the matter and address two main issues and reserve the remaining time for important issues pertaining to attorney-client privilege, work product privilege, and other matters that are, I believe, very relevant to this case, but we were not able to or we could not and decided not to put in the briefs. This case ultimately comes down, in light of all the case law and all the cause of action, to two issues. One is comedy, and one is the fact that defendants are alleging we didn't have enough details and allegations to support the fraud cause of action and the corresponding cause of actions, such as the UCL. With respect to comedy, this is the issue that really comes down to it. Defendants have not cited a single case that involves a class action that the comedy rule has been applied without any discovery. They all involve issues that at least went up to the class certification stage, and inherently, by doing that, there was an opportunity for the parties to conduct some amount of reasonable discovery. This is paramount in this case. Well, I mean, one of the problems, I think, in the mind of the district court was, and I think this was also a determination by the judge in the Northern District, was that you had engaged in forum shopping in filing the San Francisco Act. Correct. Correct. And that's certainly an issue that can be resolved on the pleadings without having to conduct discovery. And you offered an argument as to why you had filed the case in the Northern District, because of the application of the local rule. Correct. And I'd like to explain that, because there's a lot of allegations of gamesmanship, and inherently, like any litigation, you know, it's not linear. At a certain point, you have different options, different roads to take. And I made the choices that I made. In hindsight, I should have done some things differently. With respect to filing in the Central District, we did that. There was an agreement with opposing counsel, where they stipulated to giving us six to seven months to file a motion for class certification. Perhaps it was negligence of me not to put that in a stipulation. We put that in the statement. When the order came from Judge Reel, it didn't address it. Suddenly, the defendants said, no, we're going back on our word, on their promise to do that. That's important in terms of our analysis, how to proceed. Thereafter, and most importantly, thereafter, when we filed the second amended complaint, which could have been filed earlier, Judge Reel specifically hand-wrote on that. New file, a new case, new cause of action, new claims, and it's not fair to the class nor us to have a double standard. We decided to proceed based upon those words. If indeed it's new facts, if it's indeed a new cause of action. Why wouldn't you take that order from the district court to mean we just file a new action in the Central District? Absolutely. We thought about that. What that negates is the fact that there's a 90-day rule, which I personally say would be impossible on a case of this magnitude, which I did not realize when I first got wind of this case, that we're going to be able to get the evidence. It's a contentious case. Also, what is assumed here by defendants is that there wasn't a conversation with my clients, who have a fiduciary duty, explaining to them the options of how to proceed. And one way they could proceed, and maybe the likelihood of prevailing in a northern district where we have unlimited time compared to 90 days, which already the defendants will not cooperate. The judge imposes strict rules. It may be very detrimental to us. The only thing that they forewent is the potential money they would get as a class rep, which they didn't really do any work in the depositions and discoveries. So there was no trickery there. If I may, Your Honor, and I'll say this. I have a question for you. Judge Reel denied you leaf to amend. Is that right? Correct. What would you do if we reversed that? This is what I would do. And this is all it comes down to. And this is a personal case to me, Justice, as I've spent three years of my life on this. Number one, I would ensure that we get the discovery from defendants that we're entitled to. What would you allege? I would allege the first and foremost thing I would allege, Your Honor, and this is based upon flying out the country and obtaining evidence from ex-employees, that they had a policy for an unlimited period. They would automatically reject every single person that called. They wouldn't even look at the recordings. It was automatic. And this should be pretty simple. The person that I've talked to, the persons that I've talked to, this is the delicacy of the situation when they say they don't present facts. I have to contact these people. I have to win their trust. I have to get them to open up. Many of them don't want to testify. Okay, but what would you say? I understand what you're saying about all the hard work that you've done, you know, since. But what would you now say? That's what we're asking. What I would say is that Bank of America, in partnership with Intersections, which exclusively work with banks which already have their credit card number and financial institution numbers, came up, looked at the regulations pertaining to banking laws, privacy, telemarketing, reversed engineer a scheme by which their plan would be as inconspicuous as possible when calling people. They would be confused about what they're signing up on. They wouldn't get all the details. But what specifics would you plead that would support those allegations? Who, what, when, where, and how? How would you plead to answer those questions vis-à-vis the policy that you're asserting? Sure, sure. The first thing that I would assert, Justice, is the fact that I would assert that Intersections was in charge of compliance, of making sure that there's telemarketing. But which of your plaintiffs could you plead specifics about, that this policy was actually implemented on a particular date, in a particular way, with a particular plaintiff? Well, what I would assert is this, Your Honor. I would say they had a policy during a certain amount of time, based upon evidence I've found, that no matter what the validity of the objection is, they wouldn't look at the refund request. It doesn't matter how many policies there are unless those policies are actually applied. Correct. There can be no damage to anyone unless those policies are actually implemented. And I think that's what's missing from the complaint, allegations that these policies were actually implemented and injured these particular individuals in this particular way. I believe it's in the complaint. I don't see it. What we would allege is that the who, when, and where would be Bank of America customers would be contacted throughout the various times during the class period. So they would be provided information about this accidental. That's the general. Well, I mean, there's a repeated history of them being confused. At a certain point, it becomes a factual issue of if the information that's being provided to the actual reps, they understand what's going on when there's a plethora of people. My understanding of the record was that none of the plaintiffs even recalled the phone calls that were made to them. And so how can you make allegations about what was said to those plaintiffs if they don't even recall being called and they don't recall receiving letters or correspondence? Absolutely. Absolutely, Your Honor. The way that would be addressed would be by getting a copy of the script, which is undisputed, was used to contact everyone. So the answer to Judge Rawlinson's question is not one of your clients even recalls receiving the call. One of them does. One of them does. But recalls no details. But doesn't recall the details. But, I mean, the issue is, Your Honor, and I don't know, maybe you can provide guidance. If a specific scheme is made so someone gets a call, they don't really understand what they're signing up for. And, therefore, they make it very difficult to find out that they're signed up. How are they going to remember? Let's try it by question and answer. Do you have a deep throat, a current or former employee of InterCapture? I do, Your Honor. I represent as an officer of the court. And what is that witness going to say that you can allege in your complaint as to how this policy was implemented? What the specifics of this employee would say, in addition to many malfeasance, is the fact that the people that were signing up, the majority of them, based upon her experience and her department's experience, they were not aware what they were signing up. Many of these things were supposed to be reviewed. They were not reviewed. They had an automatic policy for a certain period. The person had to call three different times. If they called twice, they just would not even look at the audio recording to see if it was a valid claim or not. And, you know, when you apply that to a situation when someone's working at you. I'm not sure what you just told me. I mean, I hear a lot of conclusions, but I don't hear a lot of admissible evidence that the witness would be able to testify to. Well, I mean. I mean, what was this person's position? Was this a person who actually made some of the telemarketing calls? My concern is if I disclose that, defendants are going to get to that person. No, this is the time and the place to disclose. If you've got evidence, I want to hear it because I don't see it in your complaint. And if you can't answer our questions, how can I conclude that Judge Reel abused his discretion in finding that any further amendment would be futile? The allegations, what this person would say is that they were not complying with the law as required to ensure. That's the legal conclusion. I want facts. That's what we're asking you. Who, what, when, where, why, and how. Rule 9B of the Federal Rules of Civil Procedure. When her deposition would be taken, she would testify to these things. It would be. What things? The fact that they weren't automatically giving, they weren't reviewing the validity of these calls. This is in Chicago. This is in the state of Illinois, these employees that work there. They were in charge of reviewing these records. When anyone called the dispute, for example, I didn't make this call. I didn't sign up for this. They had a duty to check to see if that person actually signed up or not. I see you're out of time. I'm sorry. Thank you. Thank you. Let me call on the appellees. We'll see how you gentlemen are going to divide up your time. You have a total of ten minutes. Good morning. Douglas Winter for Bank of America. Although Bank of America and our co-defendant intersections aren't, they're independent entities, not affiliated. But Mr. Rosenfeld and I have agreed that I'll present the oral argument today on behalf of both parties. Perfect. For the convenience of the Court. This case arises from a rather unusual procedural circumstance. We have two district courts that have ruled consistently and, in fact, identically on the controlling issues. The complaint was brought in this case in a matter of weeks after Judge Real dismissed the complaint with prejudice in Y2, and while Y2 was on appeal to this court. I thought the first case was actually filed in Texas. The Gonzalez case. Right. That was the first case. Is that an identical case? In this order. It raises the same allegations. It was the first. Then there was Y1, which Plaintiff's counsel brought. And that case got dismissed and the Fifth Circuit affirmed the dismissal. Exactly. Then there was Y1, which Plaintiff's counsel here brought. May I ask you, in applying the principles of comity, does that work when the parties are not the same? Yes, it does. So tell me the case that I can look to to find the principle that comity can be applied even when the parties differ. What case can I look to? There are any number of them, including the first to file cases. Give me the strongest case in the Ninth Circuit to support your argument that comity may apply when the parties are different. In the Ninth, I believe it would be Scientology. But there are any number of cases in which the first to file principle certainly has been employed where the parties are different. The White decision out of the Western District of Washington, which was cited and discussed. Well, that's a district court case. I understand that. It's not precedent. That's not binding on us. But it's discussed in the same context by the Seventh Circuit in the Smintek case where the principle is applicable. Here, there are additional reasons, I would suggest, for the appropriate application of comity. We have a situation where the case was brought in the Northern District of California, as we all know. The judge there, after receipt, well, the party's plaintiff, after we notified the Northern District that the Ninth Circuit had an appeal involving substantially similar complaint before it, came to the Ninth Circuit and voluntarily dismissed the White to appeal. In doing so, they deprived us of the opportunity to deploy the first to file rule in the Northern District. They also, however, created a circumstance where they effectively were asking the Northern District of California to step into the shoes of this court and overrule the complaint in White, too. Because, as Judge Ilston found, the complaint there was, in terms of material allegations and its gravamen, the same. She also found that there was significant substantial evidence, obviously, of forum shopping. And she transferred the case to the Central District of California on that basis. Now, I note, plaintiffs did not seek extraordinary relief from Judge Ilston's findings, and they do not, on this appeal, challenge those findings, which I would assert is wavering. Now, once the case came before Judge Real again, the question is, what is a district judge to do? In this circumstance, he had just dismissed a complaint with the same material allegations. If the plaintiffs were the same, there's no doubt that res judicata would apply. And contrary to plaintiff's assertions in their briefs, res judicata applies, of course, to dismissals with prejudice under Rule 12b-6. So the options for the judge were either to reconsider the case all over again, to apply principles of stare decisis and give deference to his own prior ruling, or in this instance, to apply principles of comedy under the circumstances, which were unusual and significant. Counsel, I'm looking for the language in the Scientology case that you're relying upon for your representation, that comedy is appropriate when the parties are different. Could you point me to the precise language in that case that supports your principle? Your Honor, standing here today, I can't do that. I'd be happy to try to do that by letter afterwards. I've read a lot of comedy cases over the past year. Have you read our case, our decision in Bearpine v. Reno, which seems to say that comedy is appropriate where a complaint involving the same parties and issues has already been filed in another district? I think that's an en banc decision from the circuit in 2000. That's why I was asking you that question. Well, certainly comedy is appropriate in those circumstances, but it is appropriate in other circumstances. Well, that's why I'm asking you for a case, because this case seems to say it's appropriate when it's the same parties and the same issues. And then you pointed me to Scientology, and I was asking you where in that case there's a different principle articulated. My recollection may be incorrect with respect to that case. If the court will allow, I'd be happy to provide an association by letter. Let me ask you about this. I'm sorry. I want to finish your answer. There are alternative grounds here, obviously, for this dismissal, and the judge properly found that this complaint failed to state a claim under Rule 9b, Rule 12b-6. That's what I was going to ask you about. Even if he's right about that, why shouldn't Judge Reel under our cases have given him another opportunity to correct the deficiency? For several reasons. First, this was a fourth attempt by this plaintiff to set a plaintiff's counsel to state a claim. In this case, or are you talking all together? In the preceding case. Okay, I'm talking about this plaintiff is entitled to her day in court. These plaintiffs are indeed, but as the court's noted, the ability to amend is absolutely futile here. They don't recall the conversations. They don't recall reading any materials. And Sanford, which this court, which is a type O case, which this court considered held on similar grounds, that there's simply futility of amendment here because there's nothing they can add factually. The court talked about the time and place to disclose those facts. The time and place to disclose any additional facts was in the district court before Judge Reel, or at the lease in their opening brief. They're disclosed by way of allegations in the amended complaint, and that's why I was talking with opposing counsel about what it was that he would say if given the opportunity to amend. Yes, but that discussion about what would go into an amended complaint is supposed to be brought before the district court before or immediately after dismissal, or at the least in the opening brief in this court, not on oral argument, and certainly not in reply brief. And the only fact, anything approaching a factual allegation I heard today, which is extra record and which has not been presented before in this case until their reply brief, when it's impermissible, is this notion that people, not these plaintiffs, but that people generally had to call intersections three times in order to cancel. The complaint refutes that. Their complaint says that when these three plaintiffs called intersections, their policies were canceled. Not three times, one call. There are other reasons as well, Your Honor. There is a specific finding of bad faith here in terms of forum shopping, not only by Judge Reel but by the Northern District of California, and that is a well-recognized reason for not allowing amendment. What we have here was an attempt, essentially, to create another opportunity for amendment on top of another opportunity for amendment on top of another one. We had a complaint that had been amended previously. This court should have reviewed that complaint. It did not because plaintiffs voluntarily dismissed it. Now they filed another complaint. Now they're seeking, after that complaint was dismissed, another ground for amending it. A lot of time has gone by, as Plaintiffs' Counsel noted, and the time and place to present factual allegations, specific ones concerning these three plaintiffs for their day in court, has come and it's gone. And as I've noted, it's simply futile. They don't recall anything. And there was no proffer in connection with the pleadings before Judge Reel of a proposed amended complaint that would address some of these new allegations? No, Your Honor. That occurred in White, too, but not here. Did he – I'm just trying to remember how he handled this. Was there a request to file an amended complaint or did he just say, I'm not going to allow any amendments? He dismissed the complaint with prejudice. Without leave to amend? Without leave to amend, yes. The die was already cast at that point, it sounds to me. Well, based on the information he had in front of him, which was a complaint that was materially identical. I know, but we hear these cases all day long. It's usually that you state a claim, case dismissed, you have 45 days or 30 days to file an amended complaint after which your time is up. He didn't do that kind of order, I take it. No, but there was also no motion for leave to amend on the part of the plaintiffs. But in our case, they say the judge is supposed to do that even without a motion. This may be a difference in the way the local rules work in Seattle versus Los Angeles, but I know under our local rules in western Washington, the rules require that a proposed amended complaint be lodged in response to a challenge, to the motion to dismiss. My understanding is the practice in the central district is not that that's correct. I know I believe it's also true in the District of Arizona that a proposed complaint must be lodged, but not here. And, Your Honor, I must say, if you're talking about a circumstance where there's a 45-day requirement, there was no motion for reconsideration before Judge Reel. That issue was not presented. It wasn't argued here or on appeal. Understood. Again, that's waived. Thank you, Mr. Winter. Thank you. Mr. Resnick, you've actually used your time. We'll give you one minute if you'll keep it to a minute, please. I'll keep it extremely brief, Your Honor. Three points real quickly. Number one, I think we got off on the wrong foot. Plaintiffs don't contend that the complaint, as was filed, had defects. We believe it was a valid complaint. And, specifically, defendants are going to say stage decent should apply, and there should be deference to the court and the judge's ruling. The deference should also be applied when he wrote that that lawsuit, which is almost exactly the second one, said it's a new claims and new files. We rely on that. Defendants can't choose and pick which rulings the judge should apply to start a thesis. The judge himself declared that this was a new facts, new claims. Second of all, there's no law that supports if someone has forum shop, the remedy is to dismiss an entire class action in its entirety. At worst, maybe the parties should get sanctioned or something of that equivalent. And, lastly, Your Honor, none of the cases that were provided, Scientology or any of the other ones, had a situation where discovery had not been conducted. And without discovery, there's no res judicata. In those cases, the concern was you have a case that you spend the time, resources to get discovery, there's adjudication and there's a lease. That never happened here. Okay. Thank you very much. In summary, thank you so much, Justice. Appreciate it.  The case just started. You just submitted it. Good morning.
judges: SILVERMAN, TALLMAN, RAWLINSON